THE STATE, EX REL. STEC, APPELLANT, *v.* BD. OF EDUCATION OF LORAIN CITY SCHOOL DISTRICT ET AL., APPELLEES.

(No. 2186—Decided March 13, 1974.)

Messrs. Gold, Rotatori, Messerman & Hanna and Mr. Niki Z. Schwartz, for appellant.

Mr. James S. Parobek, city prosecutor, for appellees.

MAHONEY, J. The appellant, Audrey Stec, was a school teacher employed by appellee Board of Education of Lorain City School District, on a limited contract. Stec achieved professional certification, and brought this action for a declaratory judgment and writ of mandamus to compel the Board to re-employ her under a continuing service contract. The Board had declined to renew her contract or give her a contract after the 1972-1973 school year.

Stec's complaint alleged, among other things, that the failure of the Board and the Superintendent of Schools to comply with the provisions of R. C. 3319.11 before April 30, 1972, entitled her to a continuing contract rather than a limited one, which she accepted for the year 1972-1973.

The trial court, on October 30, 1973, entered the following judgment:

"Relator's complaint for mandamus and declaratory judgment dismissed, at relator's costs, inasmuch as there was available to the relator an adequate remedy at law.

"Exceptions."

From that judgment, the relator has appealed to this court, claiming that she does not have an adequate remedy at law to review the proceedings of the Board of Education of Lorain City School District which decided not to re-employ her as a teacher. She cites, as authority, the recent case of *DeLong* v. *Board of Edn.* (1973), 36 Ohio St. 2d 62 (which was decided subsequent to the trial court's ruling in the case of *Jacobson* v. *Avon Board of Education*, unreported, No. 2084, decided Feb. 7, 1973).

This court held, in the *Jacobson* case, that there was a limited right of administrative appeal, under R. C. Chapter 2506, in this type of case, to determine if a school board had met the statutory procedural requirements be-

fore exercising its discretion to employ or not to employ a teacher.

However, the syllabus, in the case of *DeLong* v. *Board of Edn., supra,* reads:

"1. The review of proceedings of administrative officers and agencies, under R. C. 2506.01, contemplates quasijudicial proceedings only. (*M. J. Kelley Co.* v. *Cleveland,* 32 Ohio St. 2d 150, approved and followed.)

"2. The action of a board of education in deciding not to re-employ a school teacher whose limited employment contract is due to expire is not a quasi-judicial proceeding subject to judicial review under R. C. 2506.01."

Accordingly, we overrule the case of *Jacobson* v. *Avon Board of Education, supra.* We now hold that there is no administrative appeal available to this appellant, and there is no adequate remedy at law for a teacher to appeal a decision of a school board not to re-employ her, because such a decision is not a quasi-judicial function. Therefore, the appellant may properly commence an original action for a declaratory judgment, to determine if she is entitled to a continuing service contract, and an action in *mandamus* to compel the school board to tender such a contract, if a clear legal duty to do so is demonstrated.

The judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed and cause remanded.*

BRENNEMAN, P. J., and VICTOR, J., concur.