KINGSBURY ET AL., APPELLANTS, *v.* SOUTHEAST LOCAL SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES.

(Nos. 2482 and 2483—Decided
August 30, 1989.)

*Ronald G. Macala, Cornelius J. Baasten* and *Anne Piero Silagy,* for appellants.
*Susan C. Hastings,* for appellees.

QUILLIN, J. The trial court ruled that the prior filings of identical unfair labor practice claims with the State Employment Relations Board ("SERB") deprived the trial court of jurisdiction. We hold that the trial court had jurisdiction over plaintiffs-appellants' claims, and therefore reverse the judgment of the trial court.

Plaintiffs-appellants, Jane Kingsbury ("Kingsbury") and Ken Richards ("Richards") are non-tenured teachers employed by defendant-appellee, Southeast Local School District Board of Education ("board"). Each appellant was notified by letter that the superintendent would not be recommending that the board grant continuing contracts to the appellants. Instead, the superintendent recommended that the board re-employ appellants under a two-year limited contract. The letter sent to Kingsbury stated that the basis for this recommendation was the superintendent's concern over Kingsbury's inaccurate grading of student achievement. The letter sent to Richards stated that the basis for the Richards recommendation was Richards' less than professional attitude towards the administration. On April 18, 1988, the board subsequently adopted both recommendations, and offered two-year limited contracts to appellants.

Appellants each filed charges against the board with SERB, claiming that the board's failure to grant a continuing contract was an unfair labor practice. Subsequently, appellants filed these separate actions in the court of common pleas. Kingsbury's complaint alleged that the reasons given for the denial of a continuing contract were untrue, and therefore the denial was in violation of R.C. 3319.11. She also claimed an infringement of her rights of free speech and association under the Ohio and the United States Constitutions. Richards' complaint likewise alleged that the reasons given for denial of a continuing contract were untrue. He also claimed that certain matters in his personnel file were untrue, and asked the court to order them expunged pursuant to R.C. Chapter 1347.

The trial court granted summary judgment in each case in favor of the board holding that the claims filed with SERB were identical to the claims filed with the trial court and the filing of the claims with SERB deprived the trial court of subject matter jurisdiction. The cases were consolidated on appeal.

### Assignment of Error

"The Wayne County Court of Common Pleas committed prejudicial error in granting appellee's motions for summary judgment and concluding that the prior filing of the unfair labor practice charges with SERB deprived

the court of subject matter jurisdiction in appellant Kingsbury's case and in appellant Richards' first cause of action."

R.C. 3319.11 (which has since been amended) provided in part:

"Upon the recommendation of the superintendent that a teacher eligible for continuing service status be re-employed, a continuing contract shall be entered into between the board and such teacher unless the board by a three-fourths vote of its full membership rejects the recommendation of the superintendent. The superintendent may recommend re-employment of such teacher, if continuing service status has not previously been attained elsewhere, under a limited contract for not to exceed two years, provided that written notice of the intention to make such recommendation has been given to the teacher with reasons directed at the professional improvement of the teacher on or before the thirtieth day of April * * *." (See 129 Ohio Laws 1206, 1207.)

The board argues that the filing of unfair labor practice charges with SERB deprives the court of common pleas of jurisdiction over an action based on R.C. 3319.11. However, neither party directs us to any section of R.C. Chapter 4117 which makes the alleged conduct even arguably an "unfair labor practice" as defined in R.C. Chapter 4117. Nor is there a claim that a labor contract provision is applicable. Thus, there is not even a facial showing of SERB jurisdiction. Thus, the court of common pleas is not deprived of jurisdiction to hear the instant actions.

A teacher may bring an action for a declaratory judgment to determine if the teacher is entitled to a continuing service contract, and may bring an action in mandamus to compel the school board to tender such a contract, if a clear legal duty to do so is demonstrated. *State, ex rel. Stec,* v. *Lorain City School Dist. Bd. of Edn.* (1974), 49 Ohio App. 2d 101, 3 O.O. 3d 160, 359 N.E. 2d 445.

In the case *sub judice,* we hold that both of appellants' actions were properly before the trial court as neither party has shown conduct which would bring the claims within the exclusive jurisdiction of SERB.

It may well be that appellants cannot, except for constitutionally protected activities, contest the reasons given for the denial of a continuing contract. See *Hickman* v. *Valley Local School Dist. Bd. of Edn.* (C.A. 6, 1980), 619 F. 2d 606. However, in that event, the actions would fail not for want of jurisdiction but rather from lack of proof.

The judgment of the trial court is reversed.

*Judgment reversed.*

CACIOPPO, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.