**WEINFURTNER et al., Appellants,**

v.

**NELSONVILLE–YORK SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellees.**

[Cite as *Weinfurtner v. Nelsonville–York School Dist. Bd. of Edn.* (1991), 77 Ohio App.3d 348.]

Court of Appeals of Ohio,
Athens County.

No. 1464.

Decided Sept. 25, 1991.

*Cloppert, Portman, Sauter, Latanick & Foley, Mark A. Foley* and *William J. Steele,* for appellants.

*Mollica, Gall, Sloan & Sillery Co., L.P.A., Robert J. Gall* and *James D. Sillery,* for appellees.

---

HARSHA, Judge.

This is an appeal from a judgment entered by the Athens County Court of Common Pleas which, *inter alia,* granted the motions of the Nelsonville–York School District Board of Education, board member Leif Hatlestad, and Superintendent Jacalyn R. Osborne, defendants-appellees, and dismissed the Section 1983 federal civil rights claims of teachers Robb Weinfurtner, Madge Dye, Jack Reichenbach, Karen Smith, Connie Dugan, Debby Shesky and Joe Malesick, plaintiffs-appellants.

Appellants assign the following error:

"The court below erred in holding that a court of common pleas lacked subject matter jurisdiction over an action filed under 42 U.S.C. Section 1983 where there is a concurrent unfair labor practice proceeding before the State Employment Relations Board pursuant to Revised Code Chapter 4117."

Appellants were employed as teachers by appellee Nelsonville–York School District Board of Education ("the board") under extended term/service contracts which provided appellants with additional compensation in excess of their normal salary schedule. At its July 29, 1987 meeting, the board suspended appellants' extended term service contracts and reissued contracts employing appellants for their regular nine-month terms at the normal salary schedule. On July 31, 1987, appellants' employee representative, the Nelsonville–York Education Association ("union"), filed an unfair labor practice charge with the State Employment Relations Board ("SERB"). The union alleged that the board had "unilaterally implemented cut-backs in staff and reduced positions and teaching staff" without engaging in collective bargaining concerning these changes, in violation of R.C. 4117.11(A)(1), (2) and (5). SERB dismissed the charge and deferred the matter for resolution through the grievance arbitration procedure.

On August 7, 1987, the union and appellants filed a complaint in the court below naming appellees as defendants and raising the following claims: (1) deprivation of their rights to freedom of speech, association and due process of law, as guaranteed by the First, Fifth and Fourteenth Amendments to the United States Constitution, in violation of Sections 1983 and 1985, Title 42, U.S.Code; (2) breach of contract; (3) tortious interference with contract; and

(4) intentional infliction of emotional distress. All of the causes of action stemmed from the board's July 29, 1987 reduction of appellants' contracts, which appellants alleged was in retaliation for their union activities.

On October 26, 1987, the union filed a second unfair labor practice charge with SERB over the board's July 29, 1987 actions. The union alleged that the board's partial suspension of appellants' extended term service contracts "was in retaliation for [appellants'] union activities," in violation of R.C. 4117.-11(A)(1), (2) and (3). SERB subsequently dismissed this second charge on the basis that there was "no probable cause to believe" that the board had violated R.C. 4117.11. The court below dismissed the union as a party plaintiff from appellants' suit.

On February 16, 1990, appellees filed a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction and a Civ.R. 56 motion for summary judgment. Appellees argued in their motion to dismiss that their alleged misconduct arguably constituted an unfair labor practice under R.C. Chapter 4117 and was therefore subject to the exclusive jurisdiction of SERB rather than the court below. On July 25, 1990, the common pleas court entered a judgment granting appellees' motion to dismiss as to appellants' breach of contract and Section 1983 claims and further granting appellees' motion for summary judgment on appellants' remaining claims.

Appellants' sole assignment of error asserts that the common pleas court erred in holding that it lacked subject matter jurisdiction over an action filed under Section 1983 where there is a concurrent unfair labor practice proceeding before SERB pursuant to R.C. Chapter 4117. Appellants contend that: (1) R.C. Chapter 4117 does not preclude concurrent or subsequent pursuit of an action under Section 1983, and (2) the decision of the court below is inconsistent with the Supremacy Clause of the United States Constitution because it permitted appellees to raise a jurisdictional defense in a Section 1983 action filed in state court which would be unavailable in an identical action filed in federal court.

█ The courts of common pleas were established by the Ohio Constitution as courts of original jurisdiction in Ohio, but the Constitution itself limits their jurisdiction to that which is expressly conferred by the General Assembly. *Central Ohio Transit Auth. v. Transport Workers Union of America, Local 208* (1988), 37 Ohio St.3d 56, 60, 524 N.E.2d 151, 154; *Seventh Urban, Inc. v. Univ. Circle Property Development, Inc.* (1981), 67 Ohio St.2d 19, 22–23, 21 O.O.3d 12, 14, 423 N.E.2d 1070, 1073. Accordingly, as a general rule, the jurisdiction of common pleas courts is limited to whatever the legislature may choose to bestow. *Central Ohio Transit Auth., supra,* at 60, 524 N.E.2d at 154.

Section 1983, Title 42, U.S. Code provides in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * * ''

In considering the propriety of state court jurisdiction over any particular federal claim, the court begins with the presumption that state courts enjoy concurrent jurisdiction. Congress, however, may confine jurisdiction to the federal courts either explicitly or implicitly. *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 138, 573 N.E.2d 1056, 1059, citing *Gulf Offshore Co. v. Mobil Oil Corp.* (1981), 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784, 791. Consequently, the presumption of concurrent jurisdiction can only be rebutted by explicit federal statutory directive, by unmistakable implication from federal legislative history, or by a clear incompatibility between state court jurisdiction and federal interests. *Elek, supra; Gulf Offshore Co., supra.* To give federal courts exclusive jurisdiction over a federal cause of action in contravention of the general rule of dual sovereignty, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction. *Yellow Freight System, Inc. v. Donnelly* (1990), 494 U.S. 820, 823, 110 S.Ct. 1566, 1568, 108 L.Ed.2d 834, 839.

In the case at bar, there is nothing to indicate that Congress affirmatively divested state courts of concurrent jurisdiction over federal civil rights actions under Section 1983. Indeed, our courts have acknowledged that Section 1983 claims may be brought in state courts. See, *e.g., Schwarz v. Bd. of Trustees of Ohio State Univ.* (1987), 31 Ohio St.3d 267, 31 OBR 493, 510 N.E.2d 808. Accordingly, it appears that appellants' Section 1983 claims were presumptively properly brought in the court below pursuant to that court's concurrent jurisdiction. However, appellees assert that R.C. Chapter 4117 vested exclusive jurisdiction of appellants' federal civil rights claims under Section 1983 with SERB.

The General Assembly enacted R.C. Chapter 4117, the Public Employees' Collective Bargaining Act, in an effort to establish a comprehensive scheme to facilitate the orderly resolution of labor disputes involving public authorities. *Central Ohio Transit Auth., supra,* 37 Ohio St.3d at 62, 524 N.E.2d at 155–156; *State ex rel. Dayton Fraternal Order of Police Lodge No. 44 v. State Emp. Relations Bd.* (1986), 22 Ohio St.3d 1, 4–5, 22 OBR 1, 3–4, 488 N.E.2d

181, 184–185. R.C. Chapter 4117 brought stability and clarity to an area where there had been none and facilitated the determination of the rights and obligations of government employees and employers, giving them more time to provide safety, education, sanitation and other important services. *Cincinnati Metro. Hous. Auth. v. State Emp. Relations Bd.* (1990), 53 Ohio St.3d 221, 223, 560 N.E.2d 179, 182. The Ohio Supreme Court has described the standard procedure in the filing of unfair labor practice charges with SERB as follows:

"Pursuant to R.C. Chapter 4117, unfair labor practice charges are first aired before SERB, one of its members, or a hearing officer. R.C. 4117.-12(B)(1). The board member or hearing officer makes findings of fact and conclusions of law and then formulates a recommendation to SERB. R.C. 4117.12(B)(2). SERB then reviews the matter and issues its decision and order. R.C. 4117.12(B)(3). If SERB finds that an unfair labor practice has occurred (and it must be remembered that such charges may be brought by *either* employees *or* employer—R.C. 4117.11[A] and [B]), then SERB may use its considerable expertise in labor-management relations to resolve the matter. Upon the issuance of a final order, any aggrieved party may pursue an appeal to the court of common pleas. R.C. 4117.13(D). In reviewing the order, courts must accord due deference to SERB's interpretation of R.C. Chapter 4117. Otherwise, there would be no purpose in creating a specialized administrative agency, such as SERB, to make determinations. The General Assembly could have provided for a direct appeal of a hearing officer's decision to a court of common pleas, but such a course would have obviated the purpose for which SERB was established. To allow courts such latitude would invite many conflicting interpretations of R.C. 4117.08 and other provisions in the Act by various courts throughout Ohio." (Emphasis *sic*.) *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260, 533 N.E.2d 264, 266–267.

■ Because of the similarity of the roles of the National Labor Relations Board ("NLRB") and of SERB in determining unfair labor practices, Ohio courts have followed the federal courts' primary jurisdiction rationale and held that an act which constitutes an unfair labor practice under R.C. Chapter 4117 is subject to the sole jurisdiction of SERB to the exclusion of the courts of common pleas. *Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 173, 572 N.E.2d 93; *State ex rel. Ramsdell v. Washington Loc. School Bd.* (1988), 52 Ohio App.3d 4, 556 N.E.2d 197; *Gray v. Toledo* (May 15, 1987), Lucas App. No. L–86–113, unreported, 1987 WL 11028; see, also, *Gunn v. Euclid City School Dist. Bd. of Edn.* (1988), 51 Ohio App.3d 41, 554 N.E.2d 130, and *Turnik v. Cleveland*

(May 22, 1986), Cuyahoga App. No. 50390, unreported, 1986 WL 5947, where the Eighth District Court of Appeals held that conduct which actually or arguably constitutes an unfair labor practice under R.C. Chapter 4117 is subject to the exclusive jurisdiction of SERB.

In the instant case, the trial court relied upon the foregoing line of cases to hold that since the action complained of as violating appellants' Section 1983 rights, *i.e.*, contract reduction in retaliation for union activities, was also arguably an unfair labor practice under R.C. 4117.11(A)(1) and (3), it had no jurisdiction over the Section 1983 claim. However, of all of the cited cases, only *Gunn* involved a claimed deprivation of constitutional rights and none of the cited cases involved an explicit Section 1983 claim.

In *Howlett v. Rose* (1990), 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332, the United States Supreme Court held that a state law defense of sovereign immunity is not available to a school board in a Section 1983 action in a state court, which otherwise had jurisdiction over the case, where a sovereign immunity defense would not be available if the action were brought in a federal forum. The *Howlett* court emphasized that by virtue of the federal Constitution, state courts were required to remain open to litigants on that same basis that federal courts were open to litigants with federal causes of action, with the only narrow exception being where a state court refused to entertain a federal cause of action based upon a neutral rule of judicial administration. *Id.* at 371–375, 110 S.Ct. at 2440–2442, 110 L.Ed.2d at 350–352. The enactment of R.C. Chapter 4117 does not constitute a neutral rule of judicial administration. Accordingly, it is not effective to avoid the strong presumption of concurrent jurisdiction.

This court has previously held that the Ohio Court of Claims Act, requiring that actions against state officers or employees be filed originally in the Court of Claims, has no application to federal claims, whether brought in federal or state court. *White v. Morris* (1990), 69 Ohio App.3d 90, 95, 590 N.E.2d 57, 60; *Besser v. Dexter* (1990), 68 Ohio App.3d 510, 589 N.E.2d 77.[1] Analogously, the General Assembly, by enacting R.C. Chapter 4117, could not have derogated

---

1. The Sixth Circuit Court of Appeals held as follows with respect to R.C. 2743.02(F)'s inapplicability to Section 1983 actions:

 "We see nothing inconsistent with [Section] 1983 in the offer the state has made in its Court of Claims Act. The Ohio statute gives claimants an option not otherwise available to them, and any claimant who does not like the statutory option is perfectly free to reject it and prosecute a [Section] 1983 action against the state's officials just as if the Court of Claims Act had never been passed. Such an action may be maintained either in federal court or in an Ohio court of common pleas, without necessity of filing an action in the Court of Claims." *Leaman v. Ohio Dept. of Mental Retardation* (C.A.6, 1987), 825 F.2d 946, 953, certiorari denied (1988), 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 882.

the ability of a litigant to bring a Section 1983 action in a state common pleas court. Generally, absent a neutral rule of administration, only Congress would have this limiting right.

■ The dominant characteristic of a Section 1983 action does not vary depending upon whether it is litigated in state or federal court. *Gibney v. Toledo Bd. of Edn.* (1988), 40 Ohio St.3d 152, 156, 532 N.E.2d 1300, 1305, citing *Felder v. Casey* (1988), 487 U.S. 131, 148, 108 S.Ct. 2302, 2312, 101 L.Ed.2d 123, 144. In *Gibney*, the Ohio Supreme Court expressly held that teachers challenging service fees and procedures regulating rebates of portions of service fees were not required to exhaust any administrative remedies provided in R.C. Chapter 4117 prior to obtaining relief in state courts of common pleas under Section 1983. In *Fayetteville–Perry Edn. Assn. v. Fayetteville–Perry Local School Dist. Bd. of Edn.* (May 21, 1990), Brown App. No. 1913, unreported, 1990 WL 67003, the Twelfth District Court of Appeals held that the trial court erred in dismissing a Section 1983 cause of action based upon lack of jurisdiction, relying on *Gibney, supra,* to hold that there was no R.C. Chapter 4117 exhaustion requirement. The appellate court further cited *Gunn, supra,* in affirming the lower court's lack of jurisdiction over a breach of contract (collective bargaining agreement) claim but did not apply *Gunn* to the Section 1983 cause of action.

■ The manifest import of cases like *Gibney* and *Fayetteville–Perry* is that R.C. Chapter 4117, including the provisions that have been judicially construed as vesting SERB with exclusive jurisdiction over acts which arguably constitute unfair labor practices, does not preclude a state court of common pleas from exercising jurisdiction over a Section 1983 cause of action. See, also, *Hicks v. Hocking Technical College Bd. of Trustees* (S.D.Ohio, Aug. 29, 1988), Case No. C–2–87–1228, unreported, where Judge Holschuh rejected the cases cited by appellees in the case at bar and held that R.C. Chapter 4117 did not divest it, a federal court, of jurisdiction over a Section 1983 action; cf., also, *Kingsbury v. Southeast Local School Dist. Bd. of Edn.* (1989), 58 Ohio App.3d 94, 568 N.E.2d 752. We are persuaded that the Supremacy Clause as well as the applicable case law required that the court below overrule appellees' motion to dismiss the federal civil rights action pursuant to Section 1983 and exercise its concurrent jurisdiction in hearing the matter. Furthermore, we are not persuaded that allowance of Section 1983 claims in state courts will necessarily result in the problem noted in *Lorain, supra,* of conflicting interpretations of R.C. Chapter 4117 where courts will not be expressly determining whether unfair labor practices have been committed in resolving the Section 1983 claims. Moreover, it would appear incompatible with the general presumption of concurrent jurisdiction to hold as the court

below did, *i.e.*, to allow Section 1983 claims in Ohio federal courts but not in Ohio courts of common pleas.

Recently, the Ohio Supreme Court has held that SERB has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus. However, the court further held that if a party asserts rights independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court. *Id.* at paragraph two of the syllabus. For example, "[b]ecause constitutional rights exist independently of R.C. Chapter 4117, such claims may be raised in common pleas court even though they may touch on the collective bargaining relationships between employer, employee, and union." *Id.* at 172, 572 N.E.2d at 92. In light of this authority, the lower court and appellees' reliance on *Gunn, supra,* is misplaced. Analogously, since federal civil rights claims exist independently of R.C. Chapter 4117, common pleas courts have jurisdiction over such claims. Accordingly, for the foregoing reasons, the judgment of the trial court, as it relates to appellants' Section 1983 claim for relief, is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STEPHENSON, P.J., and PETER B. ABELE, J., concur.