[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 447.]

THE STATE EX REL. ZIMMERMAN, APPELLANT, *v.* TOMPKINS, DIR., APPELLEE.

[Cite as *State ex rel. Zimmerman v. Tompkins*, 1996-Ohio-211.]

*Mandamus to compel Director of Ohio Department of Human Services to restore relator's full compensation, transfer relator to the position to which he had been promoted, and report to law enforcement officials alleged criminal violations committed by employees who submitted "Report for Leave" forms in relator's name without his consent or authorization— Writ denied, when.*

(No. 95-1258—Submitted March 5, 1996—Decided May 8, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD02-228.

————————————

{¶ 1} The Ohio Department of Human Services ("ODHS") employed appellant, James A. Zimmerman, as a Programmer Analyst 3. During his employment, Ohio Civil Service Employees Association, Local 11, AFSCME, AFL-CIO represented Zimmerman and other public employees and entered into a collective bargaining agreement which covered them. The collective bargaining agreement contained a grievance and arbitration procedure.

{¶ 2} In September 1994, certain ODHS employees submitted "Request for Leave" forms in Zimmerman's name which indicated that he had been tardy for a total of fifty-seven minutes over six different days. Zimmerman was not compensated for the time he was allegedly tardy. In January 1995, Zimmerman advised appellee, ODHS Director Arnold R. Tompkins, that the leave forms were fraudulent and were submitted without Zimmerman's consent or authorization. Tompkins subsequently informed Zimmerman that ODHS had found no violation of the collective bargaining agreement or any law. Tompkins also noted that

Zimmerman had failed to timely assert his rights under the collective bargaining agreement's grievance and arbitration procedure.

{¶ 3} In February 1995, Zimmerman filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus compelling Tompkins to (1) restore his full compensation, and (2) report the alleged criminal violations committed by ODHS employees to law enforcement officials. Zimmerman alleged that the fraudulent leave forms and unauthorized taking of his wages and services violated several provisions of the collective bargaining agreement, R.C. 2913.02(A)(1) (theft), 2913.42(A) (tampering with records), 2921.45 (interfering with civil rights), Section 1983, Title 42, U.S. Code (federal civil rights), the Fourteenth Amendment to the United States Constitution, and Section 16, Article I of the Ohio Constitution.

{¶ 4} After the court of appeals converted Tompkins's "motion to dismiss and/or for summary judgment" into a motion for summary judgment, the court of appeals granted the motion and denied the writ.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Philip Wayne Cramer*, for appellant.

*Betty D. Montgomery*, Attorney General, *Cynthia A. Cooper* and *Jack W. Decker*, Assistant Attorneys General, for appellee.

_____

**Per Curiam.**

{¶ 6} Zimmerman asserts that the court of appeals erred in granting Tompkins's motion for summary judgment and denying the requested writ of mandamus. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion,

and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 7} In order to be entitled to a writ of mandamus, Zimmerman had to establish a clear legal right to the requested relief, a clear legal duty on the part of Tompkins to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 218-219, 631 N.E.2d 150, 152. The court of appeals determined that as to Zimmerman's claim for a restoration of compensation, the collective bargaining agreement constituted an adequate legal remedy precluding a writ of mandamus.

{¶ 8} Zimmerman contends that the allegations of his complaint were deemed admitted when Tompkins failed to timely file his answer. However, the dismissal motion filed by Tompkins which was subsequently converted by the court of appeals to a summary judgment motion tolled the time to file an answer until the summary judgment motion was resolved. Civ.R. 12(A) and (B); see, generally, 6 Moore's Federal Practice (2 Ed.1988) 56-83 to 56-84, Paragraph 56.08, fn. 9 (Fed.R.Civ.P. 12[b][6] motion to dismiss converted into motion for summary judgment tolls time to file answer until adverse ruling on converted motion). In addition, when the respondent is a state officer like Tompkins who is sued in his representative capacity, courts must look beyond simple admissions resulting from the failure to timely serve a responsive pleading. *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, 326.

{¶ 9} Summary judgment is appropriate where the nonmoving party does not produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108,

570 N.E.2d 1095, paragraph three of the syllabus; *State ex rel. Morley v. Lordi* (1995), 72 Ohio St.3d 510, 513, 651 N.E.2d 937, 940. When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); *Jackson v. Alert Fire & Safety Equip, Inc.* (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.

{¶ 10} Tompkins supported his motion for summary judgment with an affidavit and incorporated exhibit establishing that the collective bargaining agreement provided a grievance and arbitration procedure. To the extent that Zimmerman alleged violations of the collective bargaining agreement, the grievance and arbitration procedure provided therein constituted an adequate remedy at law which precluded extraordinary relief in mandamus. *State ex rel. Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn.* (1995), 73 Ohio St.3d 189, 192-193, 652 N.E.2d 750, 752; *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 34, 641 N.E.2d 188, 196. The fact that this procedure may no longer be available to Zimmerman due to the time limits set forth in the collective bargaining agreement does not render this remedy inadequate. *Johnson,* 73 Ohio St.3d at 193, 652 N.E.2d at 753. Where a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 209, 648 N.E.2d 823, 827.

{¶ 11} Zimmerman also alleged violations of Section 1983, Title 42, U.S. Code and the United States and Ohio Constitutions as to his alleged reduction in compensation. Yet, Zimmerman failed to introduce summary judgment evidence to raise a genuine issue of material fact, instead relying on the conclusory allegation of his unsworn complaint that he had "no plain and adequate remedy in the ordinary

course of the law."  Zimmerman did not adduce evidence that these violations were any different from the alleged violations of the collective bargaining agreement.

{¶ 12} In addition, Zimmerman possessed an adequate remedy at law as to his federal civil rights and federal constitutional claims by a Section 1983 action in state common pleas court or federal district court.  *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 560-561, 653 N.E.2d 371, 373; see *Weinfurtner v. Nelsonville-York School Dist. Bd. of Edn.* (1991), 77 Ohio App.3d 348, 355-356, 602 N.E.2d 318, 323.  Further, as to the alleged state constitutional violation, it is evident that Zimmerman alleged only a *de minimis* deprivation of property and that the agreement's grievance and arbitration procedure provided sufficient notice and opportunity to contest the administrative action.  See, generally, *Ohio Assn. of Pub. School Emp., AFSCME, AFL-CIO v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 624 N.E.2d 1043; *Green Local Teachers Assn. v. Blevins* (1987), 43 Ohio App.3d 71, 77-78, 539 N.E.2d 653, 659-660.  The court of appeals properly granted summary judgment on Zimmerman's compensation claim.

{¶ 13} Zimmerman's complaint also contained a claim for a writ of mandamus compelling Tompkins to report the alleged criminal violations committed by ODHS employees in connection with his leave forms.  Zimmerman informed Tompkins of these alleged violations, but Tompkins refused to report them to law enforcement officials.  Zimmerman can report these alleged violations to law enforcement officials himself.  See R.C. 124.341(A) ("If the employee reasonably believes that a violation or misuse of public resources is a criminal offense, the employee, in addition to or instead of filing a written report with the supervisor or appointing authority, may report it to a prosecuting attorney, director of law, village solicitor, or similar chief legal officer of a municipal corporation, to a peace officer *** or *** to the inspector general ***.").  This remedy is complete, beneficial, and speedy as to Zimmerman's assertion that Tompkins violated R.C.

2921.22(A) by failing to report the alleged criminal conduct. Therefore, Zimmerman was not entitled to a writ of mandamus on this claim either. See, *e.g., State ex rel. Tipton v. Schisler* (Sept. 24, 1991), Scioto App. No. 90CA1926, unreported, 1991 WL 192733 (Harsha, J., concurring) (mandamus does not lie to compel city solicitor and city prosecutor to file criminal charges where relator possesses adequate remedy by filing criminal charges himself under Crim.R. 3).

{¶ 14} Accordingly, for the foregoing reasons, the court of appeals properly granted summary judgment in favor of Tompkins and denied the requested mandamus relief. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK and F.E. SWEENEY, JJ., concur in judgment only.

WRIGHT, J., not participating.

———————————

**DOUGLAS, J., concurring in judgment only.**

{¶ 15} I write separately for two reasons. First, the lead opinion cites *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, for the proposition that a nonmoving party in a summary judgment matter must produce evidence "* * * *on any issue* for which that party bears the burden of production at trial." (Emphasis added.) That is not an accurate statement and, in fact, that proposition in *Wing* was modified in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 16} Second, it should be pointed out that the lead opinion does have it right when it says that a summary judgment motion has to, in some way, be "supported" as provided in Civ.R. 56. This is what a majority of this court held in *Dresher, supra.* Clearly, *Dresher* did not change the rule for a court's deciding a summary judgment motion. Further, it is interesting to note that the Honorable

Walter Herbert Rice, Judge of the United States District Court for the Southern District of Ohio, Western Division, ruled, on March 14, 1996, in the case of *Frilling v. Anna* (Mar. 14, 1996), S.D. Ohio No. C-3-95-194, unreported, that "* * * a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, *only* upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, *specifically called to its attention by the parties*." (Emphasis added.) *Id.* at 9. Further, Judge Rice, quoting from *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274, said, "Of course [the moving party] *always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions* of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (Emphasis added.) *Id*. at 6.

{¶ 17} Accordingly, when the Ohio Hospital Association uses inaccurate and inflammatory language, as it did in the March 15, 1996 edition of the *Ohio Hospital Association News* concerning the *Dresher* case, the causes of justice and accuracy are not well served. The article, in part, said that "[t]he *Dresher* decision is likely to affect motions for summary judgment in all civil lawsuits, requiring courts to continue frivolous litigation through at least the plaintiff's presentation of evidence during trial, after which a trial judge could issue a directed verdict in favor of the defendant. The ruling is likely to increase the pressure on defendants to settle frivolous cases in order to avoid the higher cost of going to trial." See Exhibit "A" attached. Those who might need some assurance can be assured that trial judges have been ruling on summary judgment motions for years and they understand that a properly supported motion for summary judgment should be granted. Conversely, a naked summary judgment motion that does not point to anything in the record to support the motion is not well taken. As to "frivolous litigation" and

"frivolous cases," I respectfully refer those who might be concerned to R.C. 2323.51 and Civ.R. 11 and the cases thereunder, and to 1, Parts 1 & 2, Anderson's Ohio Civil Practice (1992) 240-4 to 240-6, 297-298, Sections 3.784, 3.785, 8.75 and 8.77.

—————————————