OPINION
Defendants-appellants, TAS-International, Inc. and Turker Apaydin, individually and as president of TAS-International ("appellants"), appeal from the entry of summary judgment on their counterclaim brought against Keybank National Association ("Keybank") after Keybank sought judgment on a promissory note executed by appellants and foreclosed on its security interest in two pieces of property which were collateral for the loan.
On November 26, 1997, Keybank filed suit against appellants and others not parties to this appeal, alleging appellants were in default of a United States Small Business Administration Note. The original amount of the note was $250,000, plus interest. Appellant Turker Apaydin personally guaranteed repayment of the loan. Keybank declared the entire amount of the loan and unpaid interest due. The complaint further alleged the loan was secured by two pieces of real property, both located in Ravenna. Keybank asked that the mortgage it filed against the properties be foreclosed upon, sold, and the proceeds applied to the loan balance.
On April 3, 1998, appellants filed, with leave of court, their answers and counterclaim. Appellants claimed Keybank made payments from the note to a third party, Graphic Enterprises, although appellants previously instructed Keybank not to release any funds to that company. Appellants argued Keybank breached the contract by releasing funds to Graphic Enterprises. Appellants further averred Keybank retained an overpayment on the note due to its failure to provide an accounting of the funds disbursed under the note. Appellants also stated Keybank intentionally interfered with TAS-International's business and its business activities by releasing the funds. Appellants brought claims for defamation, damage to their reputations, and damage to their credit.
On April 2, 1999, Graphic Enterprises filed a motion to intervene, claiming an interest in the real property which was the subject matter of the action. In its motion, Graphic Enterprises stated it recovered a judgment against TAS-International and Turker Apaydin in the amount of $142,108, plus interest. A judgment lien was placed upon the real property. Graphic Enterprises asked that all liens on the subject property be marshaled, the property sold, and the sale proceeds applied to satisfy the liens. The trial court granted Graphic Enterprises' motion to intervene.
On April 30, 1999, Kevser Apaydin filed a cross-claim against Turker Apaydin, asking for payment on a promissory note Turker Apaydin executed in the amount of $75,000. The cross-claim alleged Turker Apaydin failed to make payments on the note. Kevser Apaydin contended the note was secured by a mortgage deed to the property at issue in the case. On March 21, 2000, Kevser Apaydin filed a motion asking for summary judgment because the note was delinquent and she was entitled to judgment as a matter of law.
On April 6, 2000, Keybank filed its motion for summary judgment, stating no triable issue of fact existed in the case because the note was in default and it had the right to enforce its security interest in the property. On May 5, 2000, the trial court granted Keybank's summary judgment motion for foreclosure.
On June 26, 2000, the trial court issued its judgment entry of foreclosure. The court determined that the claims of Keybank, Kevser Apaydin, and Graphic Enterprises were inferior to that of Bankers Trust Company of California and the Portage County Treasurer. The court ordered the property sold, with Bankers Trust Company of California and the Portage County Treasurer paid, and the balance of the funds, if any, held pending further order of the court. On July 7, 2000, the trial court issued a judgment entry and order of sale. The order set forth the amounts each party was to receive. Keybank was to be paid $105,307.77, plus accrued interest. The order was marked as a final, appealable order.
On August 2, 2000, Keybank filed a motion asking for summary judgment on the counterclaims filed by TAS-International and Turker Apaydin. Keybank averred TAS-International executed and delivered to it an assignment of right to payment, permitting Keybank to pay Graphic Enterprises $248,432. The assignment was a continuing one and irrevocable. Keybank stated it was required by the assignment to pay the money to Graphic Enterprises without further authorization or notice from TAS-International. Keybank asserted the defendants were estopped from denying the validity of or revoking the assignment. A copy of the assignment was attached to the motion. The defendants did not respond to the motion. On January 16, 2001, the trial court granted Keybank's summary judgment motion against TAS-International. The motion was stayed against Turker Apaydin as he filed for Chapter 7 bankruptcy.
On January 29, 2001, TAS-International and Turker Apaydin filed a Civ.R. 60(B) motion to vacate the grant of summary judgment on their counterclaim. The defendants claimed their attorney erroneously marked his calendar regarding the date the response to the summary judgment motion was due. The defendants also filed a motion for leave to respond to the summary judgment motion instanter.
On March 14, 2001, the trial court granted TAS-International and Turker Apaydin's Civ.R. 60(B) motion and motion to respond. The trial court, on further review of Keybank's motion for summary judgment, concluded Keybank was entitled to judgment as a matter of law on the defendant's counterclaim. Appellants have appealed from this ruling.
Appellants assign the following errors for review:
 "[1.] The trial court erred in granting appellee's motion for summary judgment without considering appellants' response.
 "[2.] The trial court erred in granting appellee's motions for summary judgment because the contractual documents, when read together, required appellee to apply the receipts to retire the loan with appellants before assigning the remaining funds to Graphic Enterprises."
In their first assignment of error, appellants claim the trial court granted Keybank summary judgment on their counterclaim without first considering their response. Although appellants filed a response to the summary judgment motion a day after the trial court rendered judgment, a copy of their response was attached to their motion to file instanter. The trial court's judgment entry clearly states it considered appellants' response before granting Keybank summary judgment on the counterclaim. Appellants' first assignment of error is without merit.
In their second assignment of error, appellants contend the trial court misconstrued the contractual documents at issue in granting Keybank summary judgment. Appellants maintain the contract and the Small Business Administration Loan Agreement required Keybank to apply any receipts to the loan balance, until it was retired, before complying with the assignment to Graphic Enterprises.
On appeal, a reviewing court conducts a de novo review of a trial court's summary judgment entry. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 1996-Ohio-336. A de novo review requires an independent review of the trial court's decision without deference to it. Brown v. Scioto Bd.of Commrs. (1993), 87 Ohio App.3d 704, 711.Summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewed in the light most favorable to the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Civ.R. 56(C); Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,1998-Ohio-389.
Once a moving party satisfies his or her burden of supporting the motion for summary judgment with sufficient and acceptable evidence, Civ.R. 56(E) provides that a nonmoving party may not rest upon allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 1996-Ohio-211. If the nonmoving party does not satisfy this reciprocal burden or fails to produce any evidence supporting an essential element of his claim, then summary judgment, if appropriate, will be granted against the nonmoving party. Civ.R. 56(E). The principal purpose for Civ.R. 56(E) is to allow the court to analyze the evidence in order to determine whether there exists an actual need for a formal trial. Ormet Primary Aluminum Corp. v. Employers Ins. of Wassau,88 Ohio St.3d 292, 2000-Ohio-330.
Appellants cite to certain provisions in the Small Business Administration Loan Agreement in support of their argument. A review of those provisions show they do not apply to the situation at hand, but pertain to other concerns such as security interests, distribution of capital stock, or applying the proceeds of export receivables. Appellants, aside from quoting the provisions, offer no argument regarding how these particular provisions apply to the Graphic Enterprises assignment.
Appellants next rely on two portions of the promissory note. The first states that the collateral may not be assigned to others for security for indebtedness. There is no indication in the assignment found in the record that any security interest was created with Graphic Enterprises. The other provision merely states that the promissory note will be enforced with applicable federal law. Again, the relevance of this provision to appellants' argument is not set forth in the brief.
In their brief in opposition to Keybank's motion for summary judgment, appellants argued that the Small Business Administration Loan Agreement and the promissory note required payments to be applied to the loan balance before the assignment to Graphic Enterprises would be paid. The assignment states that Keybank is authorized to pay money directly to Graphic Enterprises upon appellants' receipt of sufficient funds from the Ministry of Education of Turkey, after presentation of shipping documents to appellants and payment to appellants within 30 days of delivery of the merchandise to Turkey. There is nothing in the record to support that these contingencies occurred. Therefore, the terms of the assignment did not come into force, authorizing payment to Graphic Enterprises by Keybank.
Other documentation, presented by appellants, show that the merchandise was not in compliance with the agreement with Graphic Enterprises. Appellants specifically stated no funds should be released to Graphic Enterprises until these problems were resolved. More than one communication was made by appellants to Keybank directing that no funds should be paid to Graphic Enterprises because of problems with the equipment which was delivered to Turkey. Further, the payment of the $187,306.90 made by appellants to Keybank was for payoff of the loan, as reflected by the commercial loan payment form accompanying the check.
Based upon the evidence appellant attached to its brief in opposition, the issue of whether the loan was paid in full by appellants is a material issue of fact which remains in dispute. Therefore, the trial court erred by granting summary judgment to Keybank. Appellants' second assignment of error is sustained.
The judgment of the Portage County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
DONALD R. FORD, P.J., ROBERT A. NADER J., concur.