[Cite as *Country Club Condominium Owners' Assn., Inc. v. Sammon*, 2013-Ohio-3528.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 99220

# COUNTRY CLUB CONDOMINIUM OWNERS' ASSOCIATION, INC.

PLAINTIFF-APPELLANT

vs.

# THOMAS E. SAMMON, JR., TRUSTEE

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-669180

**BEFORE:** Kilbane, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 15, 2013

**ATTORNEYS FOR APPELLANT**

Kevin M. Fields
Robert E. Kmiecik
Kaman & Cusimano, L.L.C.
50 Public Square
Suite 2000
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

John J. Duffy
John J. Duffy & Associates
Brendan Place
23823 Lorain Road, Suite 270
North Olmsted, Ohio 44070

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff, Country Club Condominium Owners' Association Inc. ("the Association"), appeals from the order of the trial court that awarded summary judgment to defendant-appellee, Thomas E. Sammon Jr., trustee of a condominium ("Trustee" or "Sammon") in the Association's action for foreclosure upon a lien for an assessment levied against Sammon for repairs of his balcony. The trial court properly held that Sammon was denied a hearing on the matter as required under R.C. 5311.081(C), so we affirm the judgment of the trial court in favor of Sammon on the Association's claims for foreclosure and money damages.

{¶2} This matter arises from a dispute over payment of repairs to the floor of the balcony at Sammon's unit at the Country Club Condominiums in North Olmsted, Ohio. Under the terms of the Declaration of Condominium Ownership ("the Declaration"), the porches, patios, and other areas that adjoin each unit are deemed "Limited Common Areas and Facilities" and are to be maintained by the owners of the individual units. The Declaration further provides that the Association may make assessments for the payment of common expenses and shall have a lien for such assessments.

{¶3} On January 5, 2005, Sammon received a letter from the Association advising him that a leak from his balcony floor had caused water damage to the unit owned by his downstairs neighbor, Paula Weiss. The Association instructed Sammon to have the balcony repaired and to forward a copy of the work report and follow-up

inspection to the Association by January 31, 2005. The Association also notified Sammon that failure to correct the leak by that date would result in an enforcement assessment of up to $25 per day. The Association informed Sammon that the Declaration authorizes it to retain a contractor to fix the balcony floor

> if it is not fixed by January 31st, at your sole risk and expense and without further notice to you. * * * Please also note that all enforcement assessments and costs, including legal fees, will also be assessed back to you.

**{¶4}** In response to this letter, Sammon obtained various repair estimates, including an estimate from Brad Smith Roofing Co., in the amount of $2,000. On March 29, 2005, Sammon advised the Association that the balcony had been repaired.

**{¶5}** On May 10, 2005, the Association requested additional information detailing all of the work that was completed, and advising him that a $25 per day enforcement assessment would be imposed if Sammon did not provide the requested documentation by May 20, 2005. This letter also advised Sammon that he had the right to request a hearing by that date and provided a form for him to do so.

**{¶6}** Sammon did not request a hearing. Instead, he submitted an invoice from H.C. Miller Remodeling outlining the repairs performed on the deck and some of the surrounding roofing and wall framing.

**{¶7}** By December 2005, Weiss again complained about leaks into her unit. On April 1, 2006, Sammon hired Cundiff to complete the repairs for $3,200. By November 2006, Weiss again complained that water had leaked into her condominium. On November 28, 2006, the Association informed Sammon that it had retained Brad Smith

Roofing to complete the repairs at a cost of $10,690, and that Sammon was responsible for paying for this repair. The Association's letter also advised Sammon that if he did not sign the enclosed agreement with Brad Smith Roofing, the Association would retain Smith at Sammon's "risk and expense without further notice to you and/or filing a lawsuit against you without further notice to you." The letter did not provide Sammon with an opportunity for a hearing.

{¶8} On January 27, 2007, Sammon, Cundiff, and the president and vice president of the Association met at Weiss's unit. At this time, the Association informed Sammon that if he disagreed with any of the items on the work order from Brad Smith Roofing, he had to explain them in writing to the Association. Cundiff opined that several of the items on the Brad Smith Roofing proposal were not necessary and that the leak may be due to defective gutters and downspouts. Sammon also obtained a quote from a third contractor for $1,600.

{¶9} On April 23, 2007, the Association advised Sammon that it was proceeding under the proposal from Brad Smith Roofing, and that this repair would be assessed to Sammon. The Association did not provide Sammon with an opportunity for a hearing.

{¶10} On February 5, 2008, the Association advised Sammon that he owed $16,244.87 for the balcony repairs. On June 21, 2008, the Association filed a lien on Sammon's property in the amount of $16,514.87, which included the roof repair and other unpaid fees and assessments. On August 9, 2008, the Association filed a complaint for

foreclosure on the certificate of lien and the other unpaid fees and assessments. In his answer, Sammon claimed that the lien was void because the Association failed to provide him with a hearing on the matter as required under R.C. 5311.081(C). Sammon also filed a counterclaim for slander of title.

{¶11} Both parties moved for summary judgment. Sammon asserted that the requirements of R.C. 5311.081(C) are mandatory, and that the Association's failure to comply with this statute rendered the assessment lien void. The Association insisted that R.C. 5311.081(C) applies only where the assessment pertains to damage to a common area and is inapplicable to matters involving an owner's repair of his own property or limited common areas. The Association also claimed that this matter was not an "enforcement assessment" within the meaning of the statute since it involves payment of a contractor's fee and not the $25 daily penalty for noncompliance. Finally, the Association argued that the lengthy pretrial process of working with Sammon to reach a solution in the matter amply satisfied all due process requirements.

{¶12} The magistrate determined that the matter involved an assessment within the meaning of R.C. 5311.081, that notice of the right to a pre-assessment hearing is mandatory under R.C. 5311.081(C), and that these statutory requirements were not met herein. The Association filed objections, again insisting that R.C. 5311.081(C) is inapplicable and that, in addition to the costs associated with the roof, Sammon had incurred other fees and assessments after the Association filed the instant complaint.

**{¶13}** On September 29, 2012, the trial court overruled the objections, adopted the magistrate's decision, entered summary judgment in favor of Sammon, and found no just reason for delay. The Association now appeals and raises four assignments of error for our review.

Assignment of Error One

The trial court erred in granting Defendant/Appellee's Motion for Summary Judgment as Revised Code 5311.081(C)(1) only requires a hearing if the Association is assessing charges for damages to the common elements or other property, not when it is assessing costs associated with the maintenance or repair of an owner's unit or limited common element.

**{¶14}** With regard to procedure, we note that a reviewing court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Mitnaul v. Fairmount Presbyterian Church,* 149 Ohio App.3d 769, 2002-Ohio-5833, 778 N.E.2d 1093 (8th Dist.). Therefore, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

**{¶15}** Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds

can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶16} Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), the nonmoving party must set forth specific facts, demonstrating that a genuine triable issue exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 1996-Ohio-211, 663 N.E.2d 639.

{¶17} With regard to the substantive law, we note that R.C. 5311.081(B) provides as follows:

> Unless otherwise provided in the declaration, the unit owners association, through the board of directors, may exercise all powers of the association, including the power to do the following:
>
> * * *
> (12) Impose interest and late charges for the late payment of assessments; impose returned check charges; and, pursuant to division (C) of this section, impose reasonable enforcement assessments for violations of the declaration, the bylaws, and the rules of the unit owners association, and reasonable charges for damage to the common elements or other property[.]

{¶18} Thus, pursuant to R.C. 5311.081(C), prior to imposing a charge for damages or an enforcement assessment for violations of the declarations, bylaws, or rules of a condominium association, a board of directors must provide the condominium owner with

notice and an opportunity for a hearing. *Olentangy Condominium Assn. v. Lusk*, 10th Dist. Franklin No. 09AP-568, 2010-Ohio-1023, ¶ 33. Nothing in the language of R.C. 5311.081 limits the requirement of notice and an opportunity for hearing to "reasonable charges for damage to the common elements or other property."

{¶19} In this matter, the record clearly demonstrates that the Association levied a special assessment against Sammon for the October 19, 2007 balcony repairs performed by Brad Smith Roofing Company. The undisputed evidence of record indicates that under the Declaration, the Association designated the porches and patios "Limited Common Areas and Facilities" that are to be maintained by the owners of the individual units. The Association was authorized under the Declaration to make assessments for the payment of common expenses and shall have a lien for such assessments. The record clearly establishes that the assessment for repairs is a "charge for damages" to the limited common area and is an assessment for the enforcement of the unit owner's duty to make repairs. In accordance with R.C. 5311.081(C), prior to imposing a charge for damages or an enforcement assessment, the Association was required to provide the condominium owner with notice and an opportunity for a hearing. Absent such notice of the right to a hearing, the assessment was improper.

{¶20} The first assignment of error is without merit.

{¶21} The Association's second and fourth assignments of error are interrelated and state:

Assignments of Error Two and Four

The trial court erred in granting Defendant/Appellee's Motion for Summary Judgment since, even assuming arguendo that Association was required to provide Defendant/Appellee with an opportunity for a hearing, Defendant/Appellee [has] received substantial and sufficient due process prior to the repairs and is currently being afforded additional due process protection in the instant litigation.

The trial court erred in dismissing Association's claims with prejudice as the adjudication was not on the merits.

**{¶22}** R.C. 5311.081(C)(1) provides in relevant part as follows:

(1) Prior to imposing a charge for damages or an enforcement assessment pursuant to R.C. 5311.081(B)(12) of this section, the board of directors shall give the unit owner a written notice that includes all of the following:

(a) A description of the property damage or violation;

(b) The amount of the proposed charge or assessment;

(c) A statement that the owner has a right to a hearing before the board of directors to contest the proposed charge or assessment;

(d) A statement setting forth the procedures to request a hearing pursuant to division (C)(2) of this section;

(e) A reasonable date by which the unit owner must cure the violation to avoid the proposed charge or assessment.

* * *

(3) The board of directors shall not levy a charge or assessment before holding any hearing requested pursuant to division (C)(2) of this section.

* * *

(5) Within thirty days following a hearing at which the board of directors imposes a charge or assessment, the unit owners association shall deliver a written notice of the charge or assessment to the unit owner.

(6) Any written notice that division (C) of this section requires shall be delivered to the unit owner or any occupant of the unit by personal delivery, by certified mail, return receipt requested, or by regular mail.

**{¶23}** From the foregoing, R.C. 5311.081(C)(1) mandates that in order for a condominium association to impose a charge for damages or an enforcement assessment pursuant to R.C. 5311.081(B)(12), "the board of directors shall give the unit owner a written notice" of the right to a hearing, and procedures for requesting a hearing. Under the mandatory language of R.C. 5311.081(C), no charge or assessment shall be levied before the required hearing is held. The required notice must be sent in writing to the unit owner. There is no provision under which these requirements may be satisfied by substantial compliance or through a course of action involving negotiation with the unit owner. The second assignment of error is therefore without merit.

**{¶24}** Further, as to the Association's contention in the fourth assignment of error that the trial court could have "concluded that the Association's failure to offer a hearing is simply a condition precedent to the levying of the assessment and dismissed the case without prejudicing the Association's ability to hold a hearing and refile," we note that under R.C. 5311.081(C)(3), the board of directors shall not levy a charge or assessment before holding any hearing requested pursuant to R.C. 5311.081(C). The hearing required under R.C. 5311.081(C) is not simply a technical requirement, but is designed to meet the requirements of procedural due process. *Grand Bay of Brecksville Condominium v. Markos*, 8th Dist. Cuyahoga No. 73964, 1999 Ohio App. LEXIS 1162 (Mar. 25, 1999). Therefore, an opportunity for a meaningful hearing must precede any

assessment. Since that did not occur herein, the trial court properly determined that the lien was null and void.

{¶25} The fourth assignment of error is without merit.

## Assignment of Error Three

The trial court erred in granting Defendant/Appellee's Motion for Summary Judgment as genuine issues of material fact exist as to Defendant/Appellee's failure to pay additional maintenance fees and assessments, other than the special assessment for balcony repairs incurred subsequent to the filing of this lawsuit.

{¶26} The Association next maintains that Sammon has subsequently incurred other costs and fees in addition to the assessment for the balcony repair. This matter arises from enforcement of the lien for the balcony repairs. Once Sammon challenged that lien as deficient under R.C. 5311.081, the Association presented no further evidence concerning these claimed additional charges. As such, there is no genuine issue of material fact and Sammon was properly awarded summary judgment.

{¶27} The third assignment of error is without merit.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR