OPINION
{¶ 1} On September 4, 1994, appellee, Michael Cline, was a passenger in a vehicle being driven by one Rex Haas. Mr. Haas failed to negotiate a curve in the roadway and struck a guardrail and a tree. As a result of the accident, appellee sustained injuries.
 {¶ 2} At the time of the accident, appellee was employed by Shelly Sands, Inc., insured under a business auto policy and a commercial general liability policy issued by Buckeye Union Insurance Company and an umbrella policy issued by Crum Forster Insurance Company.
 {¶ 3} On January 15, 2002, appellee filed a complaint against Buckeye Union and Crum Forster, seeking underinsured motorists benefits. An amended complaint was filed on January 16, 2002.
 {¶ 4} All parties filed motions for summary judgment. By judgment entry filed December 30, 2002, the trial court granted appellee's motion, finding appellee was entitled to underinsured motorists benefits under the policies.
 {¶ 5} Buckeye Union and Crum Forster filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANTS' JOINT MOTION FOR SUMMARY JUDGMENT WHEN IT FOUND THAT APPELLEE IS ENTITLED TO UNINSURED/UNDERINSURED MOTORIST COVERAGE."
 I {¶ 7} Buckeye Union and Crum Forster claim the trial court erred in finding coverage to appellee under the business auto and umbrella policies.
 {¶ 8} At the outset, we note appellee concedes the trial court erred in finding coverage under the Buckeye Union commercial general liability policy. Appellee's Brief at 8. Appellee is not entitled to coverage under said policy. See, Szekeres v. State Farm Fire and Cas.Co., Licking App. No. 02CA00004, 2002-Ohio-5989, at ¶ 31-45; Daltonv. The Travelers Insurance Co. (December 23, 2002), Stark App. Nos. 2001CA00380, 2001CA00393, 2001CA00407 2001CA00409, at 9-11. The trial court's decision granting coverage under this policy is reversed.
 {¶ 9} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 10} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 11} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 BUSINESS AUTO POLICY {¶ 12} The business auto policy issued by Buckeye Union contained express uninsured/underinsured motorists coverage. The trial court found appellee was entitled to said coverage pursuant to Scott-Pontzer v.Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 13} Section B of the Ohio Uninsured Motorists Coverage, CA 21 33 04 91, attached to Plaintiff's Motion for Summary Judgment as Exhibit A, defines an "insured" as follows:
 {¶ 14} "1. You.
 {¶ 15} "2. If you are an individual, any `family member.'
 {¶ 16} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.'***
 {¶ 17} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 18} The policy states "the words `you' and `your' refer to the Named Insured shown in the Declarations." See, Business Auto Coverage Form, CA 00 01 12 90, attached to Plaintiff's Motion for Summary Judgment as Exhibit A. The named insured listed is "Shelly Sands, Inc." See, Named Insured, attached to Plaintiff's Motion for Summary Judgment as Exhibit A. This definition of an "insured" is similar to the definition in Scott-Pontzer. However, the policy contains an endorsement titled "Drive Other Car Coverage — Broadened Coverage for Named Individuals" adding individuals as named insureds, namely "James F. Graham, James Poe, William D. Hamm, Richard H. McCelland and Larry E. Young." See, Endorsement No. CA 99 10 12 90, attached to Plaintiff's Motion for Summary Judgment as Exhibit A. Appellants argue the inclusion of specifically named individuals precludes the application ofScott-Pontzer.
 {¶ 19} Section C of the endorsement adds the following to "Who Is An Insured" under uninsured/underinsured motorists coverage:
 {¶ 20} "Any individual named in the Schedule and his or her `family members' are `insured' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except:
 {¶ 21} "Any `auto' owned by that individual or by any `family member.'"
 {¶ 22} According to this definition, underinsured motorists coverage is broadened to include appellee and any resident family members except for when occupying any vehicle they own. It is undisputed the vehicle involved in the accident was owned by "Rex A. Haas." See, Ohio Traffic Crash Report, attached to Joint Motion for Summary Judgment as Exhibit 2. Because the vehicle was not owned by appellee or any resident family member, the exclusion in the endorsement does not apply and appellee is an insured under the policy. See, Griffith v. Buckeye UnionIns. Co., Stark App. No. 2001CA00410, 2003-Ohio-3799, at ¶ 23-28;Fish v. The Republic-Franklin Ins. Co., Stark App. No. 2003CA00044,2003-Ohio-4277, at ¶ 68-72.
 {¶ 23} Because appellee is an insured under the uninsured/underinsured motorists coverage, appellee is bound by the terms and conditions of the policy. See, Szekeres, supra, at ¶ 17-21. Buckeye Union argues appellee failed to comply with the notice, consent, and subrogation provisions contained within the policy. Buckeye Union further argues because appellee settled with the tortfeasor, the "legally entitled to recover" provision in the policy bars recovery.
 {¶ 24} Section A(1) of the Ohio Uninsured Motorists Coverage states the following:
 {¶ 25} "We will pay all sums the `insured' is legally entitled torecover as compensatory damages from the owner or driver of an `uninsured motor vehicle' because of `bodily injury' caused by an `accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the `uninsured motor vehicle.'" (Emphasis added.)
 {¶ 26} In Pilo v. Liberty Mutual Fire Ins. Co., Ashland App. No. 02-COA-038, 2003-Ohio-662, ¶ 30, this court reviewed a similar provision and found it did not apply to underinsured motorists claims as the claimant could still prove all the elements of his/her claim against the tortfeasor. See also, Fish v. Ohio Cas. Ins. Co. Stark App. No. 2003CA00041, 2003-Ohio-4276, at ¶ 41-44.
 {¶ 27} As for notice, Section IV(2)(a) of the Business Auto Coverage Form states, "In the event of `accident,' claim, `suit' or `loss,' you must give us or our authorized representative prompt notice of the `accident' or `loss.'" Section E(2) of the Ohio Uninsured Motorists Coverage adds the following:
 {¶ 28} "A person seeking Uninsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the `insured' and the insurer of the vehicle described in paragraph F.3.b. of the definition of `uninsured motor vehicle' and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such vehicle described in paragraph F.3.b. of the definition of `uninsured motor vehicle.'"
 {¶ 29} Buckeye Union argues the six year delay in giving notice precludes coverage. In support, Buckeye Union cites Ferrando v.Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, wherein the Supreme Court of Ohio held the following at paragraph one of the syllabus:
 {¶ 30} "When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary."
 {¶ 31} Buckeye Union argues the issue of prompt notice/prejudice was fully developed at the summary judgment stage and appellee failed to rebut same at that time. However, we note attached to appellee's response to Buckeye Union's motion for summary judgment are two affidavits, one by appellant, Plaintiff's Exhibit K, and the other by Beth Rice, the tortfeasor's wife at the time of the accident, Plaintiff's Exhibit N. These affidavits aver the tortfeasor was killed in the accident and left no estate. The trial court's judgment entry in this case does not specifically address the issues of notice, subrogation and prejudice. Therefore, we remand this case to the trial court for determination of these issues.
 {¶ 32} Appellee argues he is entitled to a jury trial on the issue of prejudice. We disagree. There is no factual issue to resolve in determining prejudice. Prejudice as defined in Ferrando is a determination for the trial court.
 {¶ 33} Buckeye Union argues the trial court erred in not permitting setoff from the $200,000 appellee received from the tortfeasor ($100,000) and his own personal policy ($100,000). Former R.C.3937.18(A)(2), now subsection (C), provides, "The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."
 {¶ 34} Section D(3) of the Ohio Uninsured Motorists Coverage states the following:
 {¶ 35} "With respect to damages resulting from an `accident' with a vehicle described in paragraph b. of the definition of `uninsured motor vehicle,' [which is an underinsured motor vehicle] the limit of liability shall be reduced by all sums paid by or for anyone who is legally responsible, including all sums paid under the policy's LIABILITY COVERAGE."
 {¶ 36} Based upon these sections, we find Buckeye Union is entitled to a $200,000 setoff.
 UMBRELLA POLICY {¶ 37} The umbrella policy issued by Crum Forster includes the business auto policy issued by Buckeye Union. See, Schedule A — Schedule of Underlying Insurance, attached to Plaintiff's Motion for Summary Judgment as Exhibit C. Crum Forster argue although its policy is an umbrella to the Buckeye Union policy, its limits are only one million pursuant to the "Uninsured Motorist Insurance Underinsured Motorist Insurance Limitation" endorsement of the policy which states "this policy is limited to the coverage provided to the `Insured' in the `Underlying Insurance'," as opposed to the twenty million limit on the face of the umbrella policy. Appellee argues this arbitrary and unilateral reduction is in violation of the law established in Linko v.Indemnity Ins. Co. of N. Am., 90 Ohio St.3d 445, 2000-Ohio-92, 447-448, wherein the Supreme Court of Ohio held, "To satisfy the offer requirement of R.C. 3937.18, the insurer must inform the insured of the availability of UM/UIM coverage, set forth the premium for UM/UIM coverage, include a brief description of the coverage, and expressly state the UM/UIM coverage limits in its offer."
 {¶ 38} As the policy purports to give uninsured/underinsured motorists coverage, it is subject to the case law of Linko. There is no proof of any statutory information to the insured and any rejection of lower than the face value coverage of the umbrella policy.
 {¶ 39} Upon review, we find the one million dollar limitation to be unenforceable. Because the umbrella policy is by definition an excess policy, it is liable only after the amounts under the Buckeye Union policy have been exhausted.
 {¶ 40} The sole assignment of error is granted as to coverage under the Buckeye Union commercial general liability policy, denied as to coverage under the Buckeye Union business auto policy and the Crum 
Forster umbrella policy, granted as to the issue of setoff and remanded for a determination on notice, subrogation and prejudice pursuant toFerrando.
 {¶ 41} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed in part, reversed in part and remanded.
By Farmer, P.J. and Boggins, J. concur.