OPINION *Page 2 
{¶ 1} This matter came before the Court upon Appellee, Auditor of State's, Motion for Summary Judgment. Appellant has not filed a response.
 {¶ 2} The instant action was initiated as an appeal of a finding by the Auditor of State as to the existence of a fiscal emergency in the Village of Sparta pursuant to R.C. 118.04(C), which provides in part, "A determination by the auditor of state under this section that a fiscal emergency exists is final, except that the mayor of any municipal corporation affected by a determination of the existence of a fiscal emergency condition under this section, when authorized by a majority of the members of the legislative authority, or the board of county commissioners or board of township trustees, may appeal the determination of the existence of a fiscal emergency condition to the court of appeals having territorial jurisdiction over the municipal corporation, county, or township."
 {¶ 3} On March 19, 2008, the Mayor of the Village of Sparta consented to a fiscal analysis by the Auditor of State to determine whether a fiscal emergency existed. In her e-mail to the Auditor, the Mayor indicated the Village's fiscal books had been out of compliance with the standards of the Auditor of State for many years, as the Village's former fiscal officer had embezzled Village funds. Further, she stated the Village was in default on its obligation to the Ohio Water Development Authority.
 {¶ 4} A Fiscal Emergency Analysis was subsequently conducted by the Auditor of State which resulted in a determination on May 31, 2007, that a fiscal emergency did in fact exist in the Village of Sparta. *Page 3 
 {¶ 5} The Village's purpose in filing the instant appeal does not appear to be to take issue with the actual finding of fiscal emergency. Rather, the Village asserts "the Auditor of State has neglected and refused to state the history and purpose of the debt in the Declaration of Fiscal Emergency." Joint Statement of Facts, Page 3, Paragraph 9. It is undisputed the Village borrowed funds from the Ohio Water Development Authority for the construction of a sewer system and failed to make any payments on the loan which led to being in default on the obligation. The Village maintains the Auditor was required to detail the causation of the default in its fiscal analysis.[1]
 {¶ 6} As we explained in Prosser v. Lutz, "Summary Judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v.Tompkins, 75 Ohio St.3d 447, 448, 1996-Ohio-211: `Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that, (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v.Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citingTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 *Page 4 
O.O3d 466, 472, 364 N.E.2d 267, 274.'" Prosser v. Lutz, 2008 WL 555442, *1 (Ohio App. 5 Dist.).
 {¶ 7} The parties in this case have filed a "Joint Stipulation of Facts", wherein Appellant concedes at paragraph 7, "The collection shortfall of user fees has prevented the Appellant Village of Sparta from making any payments to the Ohio Water Development Authority on the loan it made to the Village."
 {¶ 8} R.C. 118.01 defines fiscal emergency and fiscal emergency conditions as follows:
 {¶ 9} (Q) Fiscal emergency means the existence of fiscal emergency conditions determined as provided in section 118.04 of the Revised Code.
 {¶ 10} (R) Fiscal emergency conditions mean any of the events or occurrences described in section 118.03 of the Revised Code.
 {¶ 11} Having reviewed the definition of fiscal emergency, we must now turn to R.C. 118.03 which provides in relevant part:
 {¶ 12} Any one of the following constitutes a fiscal emergency condition of a municipal corporation, county, or township:
 {¶ 13} (1) The existence, at the time of the determination by the auditor of state under section 118.04 of the Revised Code, of a default on any debt obligation for more than thirty days.
 {¶ 14} The Appellant's failure to make any payments to the Ohio Water Development Authority constitutes a fiscal emergency condition. Because a fiscal emergency condition existed at the time Appellee made its determination, the Appellant was in fiscal emergency as defined by R.C. 118.01(Q). Civ. R. 56(C) requires us to *Page 5 
determine whether there is a genuine issue of material fact, whether Appellee is entitled to judgment as a matter of law, and whether reasonable minds could come to but one conclusion. When making this determination, we must view the evidence in a light most favorable to Appellant.
 {¶ 15} R.C. 118.04(C) defines the appellate standard of review and provides for a presumption as to the validity of the findings of the Auditor, "In such appeal, determinations of the auditor of state shall be presumed to be valid and the municipal corporation, county, or township shall have the burden of proving, by clear and convincing evidence, that each of the determinations made by the auditor of state as to the existence of a fiscal emergency condition under section 118.03
of the Revised Code was in error."
 {¶ 16} The relevant facts are not in dispute. The parties agree Appellant failed to make any payments on the Ohio Water Development Authority Loan. We find this failure qualifies as a fiscal emergency condition which, by definition, means a fiscal emergency existed. Reasonable minds could come to but one conclusion, Appellant was in fiscal emergency. There is no evidence provided to suggest otherwise. Appellant offers excuses for the existence of fiscal emergency, but this does not alter whether the fiscal emergency existed. Nothing in these statutes requires the Auditor to make findings as to the cause of the fiscal emergency. The Auditor is only required to determine whether the fiscal emergency exists vel non.
 {¶ 17} Because Appellee was correct in finding the existence of a fiscal emergency, the Appellee is entitled to judgment as a matter of law.
 {¶ 18} MOTION GRANTED. *Page 6 
 {¶ 19} APPEAL DISMISSED.
Delaney, J., Farmer, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the appeal is hereby dismissed. Costs taxed to Appellant.
[1] The Village suggests the sewer system was installed at the request of the Ohio Environmental Protection Agency (Ohio EPA). At the time of installation, Ohio EPA regulations would have required sewer users in adjacent areas to connect to the Village's new sewer system. When the sewer system was completed, the Ohio EPA regulations apparently changed and those who once would have been required to connect to the Village's new system were no longer required to make the connection which caused a shortfall in revenue resulting in an inability to make the required payments on the loan. *Page 1