JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Kathleen M. Miller, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand to the lower court.
 I. {¶ 2} This is a personal injury case involving alleged injuries sustained to appellant when part of a Pepsi store display fell. According to the facts, on Saturday, January 27, 2002, at approximately 10:30 a.m., appellant entered the Giant Eagle store in the Garfield mall in Garfield Heights, Ohio, to do her weekly shopping. A display of Pepsi products was located near the front door of the Giant Eagle store.
 {¶ 3} There were four rows of Pepsi products, with the last two rows stacked seven to eight cases high and the front row stacked three high. Appellant states that she picked up a case of Pepsi, located on the floor near the display, and placed it in her cart. After she placed the Pepsi in her cart, a case, or cases of Pepsi, then fell and struck appellant's right wrist.
 {¶ 4} According to the record, appellant refiled her original complaint against appellees, Giant Eagle and Pepsi Cola General Bottlers of Ohio, Inc., on January 6, 2005. Appellant had previously dismissed her case pursuant to Civ.R. 41(A). In March 2005, appellees filed separate motions for summary judgment. In April 2005, appellant filed her responses to the motions for summary judgment. On April 26, 2005, the trial court granted both appellee Giant Eagle's and appellee Pepsi's motions for summary judgment. Appellant then appealed the trial court's decision to this court on May 10, 2005.
 II. {¶ 5} Appellant's first assignment of error states the following: "The trial court erred in granting summary judgment whereas there are issues of material fact [for] the jury to decide."
 {¶ 6} Appellant's second assignment of error states the following: "The trial court's judgment is against the manifest weight of the evidence."
 {¶ 7} Appellant's third assignment of error states the following: "The trial court erred in granting summary judgment in favor of defendant Pepsi Cola General Bottlers of Ohio, Inc. and defendant Giant Eagle, Inc. due to defendants failing to meet the burden placed upon them by Ohio Rule of Civil Procedure 56."
 {¶ 8} Appellant's fourth assignment of error states the following: "The trial court erred in granting summary judgment in favor of defendant Pepsi Cola General Bottlers of Ohio, Inc. and defendant Giant Eagle, Inc. due to defendants failing to submit any evidence as required pursuant [to] Ohio Rule of Civil Procedure 56."
 {¶ 9} Appellant's fifth assignment of error states the following: "The trial court erred in granting summary judgment motions of both defendants when the facts argued by said defendants were contradictory."
 {¶ 10} Appellant's sixth assignment of error states the following: "The trial court erred in granting summary judgment on motions containing the same set of facts and case law as the motions previously denied by the court in the preceding matter and thus defendants were barred from pursuing the same motion pursuant to the doctrine of res judicata."
 {¶ 11} Appellant's seventh assignment of error states the following: "The trial court erred in granting summary judgment on motions containing the same set of facts and case law as the motions previously denied by the court in the preceding matter and thus defendants were barred from pursuing the same motion pursuant to the doctrine of law of the case.
 {¶ 12} Appellant's eighth assignment of error states the following: "The trial court erred in ruling that there was sufficient evidence to consider motions for summary judgment when the discovery was conducted in a prior case dismissed pursuant to Ohio Rules of Civil Procedure 41(A)."
 III. {¶ 13} This court reviews the lower court's granting of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). North Coast Cable v. Hanneman (1994),98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
"(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party."
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211.
 {¶ 14} Summary judgment is appropriate where, with the evidence construed most strongly in favor of the party against whom the motion is directed, no genuine issue of material fact remains to be litigated which could establish the existence of an element essential to the nonmoving party's claim or defense.Celotex v. Catrett (1986), 477 U.S. 317, 322 (adopted by the Ohio Supreme Court in Wing v. Anchor Media Ltd. of Texas
(1991), 59 Ohio St.3d 108 at paragraph three of syllabus).
 {¶ 15} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602.
 {¶ 16} Appellee, Giant Eagle, states that there was a display of Pepsi products located near the front door of its store on January 27, 2002. Giant Eagle argues that this display was built by a Pepsi employee on Saturday night, January 26, 2002, or Sunday morning, January 27, 2002, in order to draw attention to the sale products. Giant Eagle further argues that it had no part in creating the display and did not add to or alter the display in any way.
 {¶ 17} Appellee Pepsi argues that it was not aware of any hazard or defect in the display. Pepsi also argues that there was conflicting evidence concerning appellant's testimony, the emergency room report, and the store incident report. Pepsi points out that appellant's testimony two years after the accident differs from the emergency room report.
 {¶ 18} In contrast to appellees' arguments above, appellant claims that a negligently constructed or maintained Pepsi display was the cause of her injuries. Appellant testified that she picked up a case of Pepsi, located on the floor near the display, and placed it in her cart. However, as appellant was getting ready to turn around and get more soda, a Giant Eagle employee named Mary came running over and yelled, "Watch out, they are falling." Appellant stated that she pulled around and put her arm up so it did not hit her in the head.[1] Appellant was attended to by Mary, and another Giant Eagle employee gave her ice.[2] The manager in charge, Anthony Caporale, filled out an incident report with appellant, who relayed the events to him.
 {¶ 19} The incident report stated a slightly different version of the events, highlighted below:
"E. CUSTOMER'S DESCRIPTION OF INCIDENT: She picked up 1 case of Pepsi from the floor, when the cases of Pepsi started to fall.Mary K. and customer attempted to stop the fall but could not.
Cases fell on her hand."[3]
(Emphasis added.)
 {¶ 20} Appellant left the Giant Eagle store and sought treatment at Marymount emergency room. The emergency room notes provide a description of events similar to the incident report. However, these events are slightly different from Miller's deposition testimony two years later. The emergency room notes provide the following:
"The patient was in the grocery store shopping when some cases of pop were falling over. She went to assist the grocery storeattendant to help them from falling on the attendant andsubsequently put her right hand out to catch them when the patient sustained injury to the ulnar aspect of the right hand and wrist."[4]
(Emphasis added.)
 {¶ 21} Accordingly, we find that the evidence in the record demonstrates that there are genuine issues of material fact remaining in this case. There are genuine issues of material fact regarding the store incident report, the Marymount emergency room notes, and appellant's conflicting testimony. Moreover, there are genuine issues of material fact concerning the physical structure of the Pepsi display and who was actually involved in various aspects of the accident: for example, who actually built the display, who had control of the display, and who was actually involved in the accident. After viewing the evidence in favor of the nonmoving party, it appears that reasonable minds can come to more than one conclusion.
 {¶ 22} Accordingly, appellant's first assignment of error is sustained. Appellant's remaining assignments of error are moot. Case is reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Kilbane, J., concur.
[1] Miller depo., p. 30.
[2] Miller depo., p. 38.
[3] Giant Eagle incident report.
[4] Plaintiff's discovery response, Marymount emergency room notes, attached as Ex. D to the motion for summary judgment.