OPINION
{¶ 1} On April 23, 2005, appellant, Nathan Robinson, was arrested for operating a motor vehicle while under the influence of alcohol. Following booking, appellant was placed in a restraint chair in an observation cell at the Ashland County Jail for his own safety as he was highly intoxicated. At some point, appellant slid down in the chair, causing his neck to reach the restraint straps. Appellee, Corporal Jason Slarb, entered the cell and pulled appellant up to relieve any pressure on his airway. In the process, appellant's arm broke.
 {¶ 2} On April 17, 2006, appellant, together with his wife, Fabiana Robinson, filed a complaint against appellee claiming his conduct and actions were malicious, in bad faith, and in a wanton or reckless manner. On April 20, 2007, appellee filed a motion for summary judgment, claiming immunity under R.C. Chapter 2744. By judgment entry filed August 28, 2007, the trial court granted the motion.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I *Page 3 {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO APPELLEE CORPORAL SLARB BECAUSE THERE EXISTS GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER HE ACTED IN A WANTON OR RECKLESS MANNER WHEN HE BROKE APPELLANT'S ARM WHILE THE APPELLANT WAS IN A JAIL RESTRAINT CHAIR, AND THEREFORE, CORPORAL SLARB DOES NOT HAVE IMMUNITY UNDER CHAPTER 2744 OF THE OHIO REVISED CODE."
 I {¶ 5} Appellants claim the trial court erred in granting summary judgment to appellee based upon sovereign immunity as there exist genuine issues of material fact as to whether appellee's actions were "wanton or reckless." We disagree.
 {¶ 6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274." *Page 4 
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 9} R.C. Chapter 2744 provides for employee immunity in performing governmental acts. As it pertains to the case sub judice, R.C.2744.03(A)(6)(b) states the following:
 {¶ 10} "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
 {¶ 11} "(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 {¶ 12} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 13} In Charles v. Cardington-Lincoln Local School District (August 19, 1996), Morrow App. No. 821, this court noted the following at 8:
 {¶ 14} "In Marchetti v. Kalish (1990), 53 Ohio St.3d 95, the Ohio Supreme Court adopted the definition of `reckless' found in 2 Restatement of the Law 2d, Torts (1965) 587, Section 500 as follows: *Page 5 
 {¶ 15} "`The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'
 {¶ 16} "(Emphasis added.)
 {¶ 17} "In that the term `reckless' is often used interchangeably with the term `wanton,' the definition of reckless set forth above applies equally to conduct characterized as `wanton.' Thompson v. McNeill
(1990), 53 Ohio St.3d 102, 104."
 {¶ 18} "Consequently, in order to sustain a motion for summary judgment predicated upon immunity bestowed by R.C. 2744.03(A)(6)(b), a court must conclude that the record is devoid of evidence tending to show that the political subdivision employee acted wantonly or recklessly." Irving v. Austin (2000), 138 Ohio App.3d 552, 556.
 {¶ 19} It is undisputed that appellant was intoxicated at the time of the incident. In fact, appellant was so intoxicated at the time, during his deposition he named Charles Massie instead of appellee as the corrections officer who had entered the cell, pulled him up and broke his arm. Robinson depo. at 88. It is undisputed and conceded by appellee that he was the corrections officer who attempted to straighten appellant while he was in the restraint chair. Slarb depo. at 38; Massie depo. at 11-12. For purposes of summary judgment, it is presumed that appellee's actions broke appellant's arm. *Page 6 
 {¶ 20} Appellant stated the wrist restraints were too tight and he yelled for help. Robinson depo. at 65-68. Appellant then stated Officer Massie [appellee] stormed into the cell and said "That's enough out of you." Id. at 69. Officer Massie [appellee] grabbed appellant's wrist and jerked up, breaking his arm. Id. at 70. The sole issue on recklessness or ill-will was the statement "That's enough out of you." Appellee described his actions as follows:
 {¶ 21} "A. Once the door was opened once I arrived at the cell, I immediately went in and saw Mr. Robinson slid down on the left side and his neck was resting on the left strap. I grabbed his left arm to pull up on it to relieve the pressure from the strap.
 {¶ 22} "Q. Now, was he saying anything to you before you took a hold of his arm?
 {¶ 23} "A. No.
 {¶ 24} "Q. Did you say anything to him?
 {¶ 25} "A. I don't remember if I did or not.
 {¶ 26} "* * *
 {¶ 27} "Q. When you took ahold of Mr. Robinson's left arm, where did you actually grab ahold of it?
 {¶ 28} "A. My right hand was under his armpit on the back side his arm and my left hand was on his biceps right below my other arm and that's how I pulled him up.
 {¶ 29} "Q. The bicep above the elbow?
 {¶ 30} "A. Yeah, both hands above the elbow.
 {¶ 31} "Q. One under the armpit and the left on the biceps?
 {¶ 32} "A. Yes.
 {¶ 33} "Q. And you exerted pressure how? *Page 7 
 {¶ 34} "A. I pulled straight up to relieve pressure on his neck.
 {¶ 35} "Q. To lift his entire body up?
 {¶ 36} "A. I was hoping." Slarb depo. at 38-39 and 40-41, respectively.
 {¶ 37} The written description of what happened in the cell does not do justice to the videotape of the incident. See, Exhibit 1 to Exhibit A. From our observations of appellant's actions while in the restraint chair, we find appellant was purposefully attempting to free himself from the restraints. He first attempted to free himself by sliding his body at an acute angle to the chair on his right side and then on his left side. In attempting these maneuvers, appellant placed his neck against the "X" type restraint leading from his chest to his shoulders. He then contorted himself to the side in an attempt to free his hand. Regardless of appellant's purpose in employing the maneuvers, it appears as if he is cutting off his own airway. The action of appellee was to lift him up from this contortion. Appellee's response to the situation was quick. Although appellee may have chosen the wrong way to extract appellant from a situation of his own making, we find no indicia of wanton or recklessness disregard.
 {¶ 38} We find the trial court's analysis to be correct. Although appellee's acts may be within the definition of negligence, there is no proof of any wanton or reckless acts in the record.
 {¶ 39} The sole assignment of error is denied.
 {¶ 40} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
 Farmer, P.J., Wise, J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. *Page 1